```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/2/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH N. WYNDER, JR.,

                Plaintiff,

-against-

GEORGE GOLTZER, ESQ.; YING STAFFORD, ESQ.; JEREMY SCHNEIDER, ESQ.; CRIMINAL JUSTICE ACT, INC.,

                Defendants.

24-CV-7925 (GHW)

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

      Plaintiff, who currently is incarcerated at Federal Medical Center in Fort Worth, Texas, brings this action, *pro se*, alleging that Defendants violated his federal constitutional rights and his rights under state law. By order dated November 25, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court (1) dismisses Plaintiff's claims against "Criminal Justice Act, Inc."; (2) directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to substitute the Estate of George Goltzer for George Goltzer as a defendant in this matter; (3) directs service on Defendants Stafford and Schneider; and (4) directs Defendant Stafford to provide an address at which the Estate of George Goltzer can be served.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. Claims against "Criminal Justice Act, Inc."

Plaintiff names as a defendant "Criminal Justice Act, Inc." The Criminal Justice Act is a federal statute that provides for appointment of counsel in criminal proceedings. *See* 18 U.S.C. § 3006A. It is not a suable entity. "Criminal Justice Act, Inc.," which Plaintiff alleges is a non-profit organization, does not exist. The Court therefore dismisses Plaintiff's claims against this defendant for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Defendant George Goltzer

In the complaint, Plaintiff alleges that Defendant Goltzer passed away on December 21, 2023. Dkt. No. 1 at 15. The Court therefore directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of this action to substitute "The Estate of George Goltzer" for George Goltzer. This amendment is without prejudice to any defenses that this defendant may wish to assert.

### C. Service on Stafford and Schneider

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be

2

Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Ying Stafford and Jeremy Schneider through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D.**     *Valentin* **order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff alleges that Stafford was Geltner's co-counsel in Plaintiff's criminal proceedings, and that it was Stafford who updated Plaintiff on Goltzer's health and told him when Goltzer passed away. Dkt. No. 1 ¶¶ 5, 30, 52, 58. Stafford is therefore likely in a position to provide an address at which Goltzer's Estate may be served. It is therefore ordered that Stafford must ascertain the address at which the Estate of George Goltzer may be served. Stafford must provide this information to Plaintiff and the Court within sixty days of the date of this order.

---

issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

Once the Court has this information, it will issue an order directing the Clerk of Court to complete the USM-285 form with the addresses for Goltzer's Estate and deliver all documents necessary to effect service on that defendant to the U.S. Marshals Service.

## CONCLUSION

The Court dismisses Plaintiff's claims against "Criminal Justice Act, Inc." for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of this action to substitute "The Estate of George Goltzer" for George Goltzer.

The Clerk of Court is further directed to issue summonses for Defendants Ying Stafford and Jeremy Schneider, complete the USM-285 form with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to Ying Stafford at: 276 Fifth Avenue, Ste. 501, New York, NY 10001.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: December 2, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Ying Stafford, Esq.
   276 Fifth Avenue, Ste. 501
   New York, NY 10001

2. Jeremy Schneider, Esq.
   Rothman, Schneider, Soloway & Stern, LLP
   100 LaFayette Street, Ste. 501
   New York, NY 10013