USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                                                      :

KENNETH N. WYNDER, JR.,                 :

                               Plaintiff,     :               1:24-cv-7925-GHW

                  -v-                            :                <u>ORDER</u>

GEORGE GOLTZER, ESQ., *et al.*,        :

                               Defendants. :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On May 20, 2025, Plaintiff submitted a motion for reconsideration of the Court's May 7, 2025 order granting Defendant Jeremy Schneider's ("Defendant") motion for an extension of time to answer or otherwise respond to the complaint, Dkt. No. 19, and the Court's May 10, 2025 order denying Plaintiff's motion for default judgment against Defendant given that Defendant's deadline to respond to the complaint had been extended, Dkt. No. 26. Dkt. No. 34. Plaintiff's motion is denied. The Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) (reversing order granting motion for default judgment due to "defendants' failure to timely appear"). "While courts are entitled to enforce compliance with the time limits of the [federal rules of civil procedure] by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).

Default judgment is not appropriate here. First, as explained in the Court's May 10, 2025 order, by the time the Court received Plaintiff's request for an entry of default judgment, the Court had already extended Defendant's deadline to respond to the complaint. *See* Dkt. No. 19 (granting extension of time to respond to complaint); Dkt. No. 25 (Plaintiff's motion for default judgment).

Accordingly, at the time of Plaintiff's motion, Defendant was not in default.  *See generally* Dkt. No. 26.  In cases like this one, where the plaintiff's claim is not for a sum certain, the party seeking default judgment "must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  The Court was not, as Plaintiff argues, required to enter a default judgment against Defendant upon Defendant's request for an extension of time to respond to the complaint.  *See* Dkt. No. 33 at 5–6.

In any event, the conditions for the entry of default judgment are not present in this case.  Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause."  In considering whether there is good cause to relieve a party from default or from a default judgment, the Court considers three factors:  "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party."  *Guggenheim Capital, LLC v. Birnbaum,* 722 F.3d 444, 455 (2d Cir. 2013).

These factors weigh clearly against the entry of default judgment, especially when considered "in light of this Circuit's strong preference for resolution on the merits."  *Bartman v. L'Officiel USA Inc.*, No. 21-cv-1987 (RA), 2021 WL 5303915, at *2 (S.D.N.Y. Nov. 15, 2021).  The second factor—"whether a defaulting party has a meritorious defense," *id.*—weighs heavily against default judgment.  As explained in the Court's May 6, 2025 order to show cause, each of Plaintiff's claims in the complaint appear to be deficient as a matter of law.  *See generally* Dkt. No. 15.

The third factor—prejudice to the non-movant—also weighs heavily against default judgment.  Defendant initially failed to timely appear in this case and answer Plaintiff's complaint, *see* Dkt. No. 11, but he has since appeared and is now actively defending, *see* Dkt. Nos. 18, 20.  At most, Defendant's initial failure to timely respond to the complaint has resulted in "some delay" of the resolution of Plaintiff's claims.  *Davis*, 713 F.2d at 916.  "[D]elay alone," however, "is not a sufficient basis for establishing prejudice."  *Id.*; *accord Cody*, 59 F.3d at 16.  Default is not warranted unless the delay "will result in the loss of evidence, create increased difficulties of discovery, or provide greater

opportunity for fraud and collusion." *Davis*, 713 F.2d at 916.  No such claim has been made here. *See generally* Dkt. No. 33.

Finally, even assuming the first factor—willfulness—weighs in favor of default, it does not outweigh the second and third factors.  The first factor "'is relevant but not dispositive' to the default judgment inquiry." *Id.* (quoting *I.L.G.W.U. Nat'l Ret. Fund v. Meredith Grey, Inc.*, 986 F. Supp. 816, 823 (S.D.N.Y. 1997)).

For these reasons, Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: May 23, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3