```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/3/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                    :
KENNETH N. WYNDER, JR.,                             :
                                                    :
                                    Plaintiff,      :     1:24-cv-7925-GHW
                                                    :
                    -v-                             :     MEMORANDUM OPINION &
                                                    :              ORDER
GEORGE GOLTZER, ESQ., *et al.*,                     :
                                                    :
                                    Defendants.     :
                                                    :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

Plaintiff Kenneth N. Wynder, Jr. brings this action *pro se* and *in forma pauperis* against his former attorneys in a criminal matter, alleging that they provided him inadequate legal representation resulting in his conviction at trial. He brings claims pursuant to 42 U.S.C. § 1983 ("Section 1983") for violations of his Sixth Amendment right to effective assistance of counsel and his Fifth and Fourteenth Amendment rights to due process. His complaint may also be read to bring state-law claims for legal malpractice.

Plaintiff's Section 1983 claims fail because Section 1983 only applies to actions taken under color of state law, and the defendants' actions in this case cannot be fairly attributed to the state. Plaintiff's state-law malpractice claims fail because his conviction, as alleged, stands, and an undisturbed conviction precludes a claim for legal malpractice under New York law. Because Plaintiff fails to state a claim under federal or state law, his claims are hereby DISMISSED.

I.   BACKGROUND[1]

Plaintiff Kenneth N. Wynder, Jr. "is presently serving a criminal sentence in the custody of

---

[1] The facts are drawn from Plaintiff's complaint, Dkt. No. 1 ("Complaint"), and are accepted as true for the purposes of this motion. *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

the Federal Medical Center ('FMC') in Fort Worth, Texas." Dkt. No. 1 ¶ 3 ("Complaint"). He was found guilty of "wire fraud, conspiracy, and various tax evasion counts" after a trial in this court before the Honorable Kevin P. Castel in May 2023. *Id.* ¶¶ 14, 47, 53. He was sentenced to 40 months imprisonment in January 2024. *Id.* ¶¶ 60, 65, 68, 70.[2]

On October 4, 2024, Plaintiff brought this action *pro se* against the three attorneys that represented Plaintiff in connection with his trial: George Goltzer, Ying Stafford, and Jeremy Schneider. *Id.* ¶¶ 4–5, 54. The first two attorneys, Mr. Goltzer and Ms. Stafford, represented Plaintiff up to and through his trial. *Id.* ¶¶ 4–5. They were his court-appointed attorneys pursuant to the Criminal Justice Act ("CJA"). *Id.* ¶ 11; *see* 18 U.S.C. § 3006A. Mr. Goltzer allegedly exhibited serious medical symptoms throughout the proceedings, including collapsing at the outset of trial and causing the trial to be rescheduled, Complaint ¶ 25, and appearing in court "barely able to stand up, even with the aid of his cane," *id.* ¶ 29. As a result, Mr. Goltzer allegedly failed to properly represent Plaintiff during his trial, including by allegedly "fail[ing] to properly cross-examine and review evidence" from various witnesses, *see id.* ¶¶ 31–38, "fail[ing] to call" various witnesses that would have helped Plaintiff's defense, *see id.* ¶¶ 39–43, and giving an unfocused and "mumbling" closing argument, *see id.* ¶¶ 45–46.

Ms. Stafford, who was Mr. Goltzer's co-counsel, *id.* ¶ 5, did not display any medical symptoms, but allegedly failed on multiple occasions to convince Mr. Goltzer to call or cross-examine important witnesses, *id.* ¶¶ 33–34, 43–44, and "failed to instruct the [court] of her knowledge" of Mr. Goltzer's medical symptoms and strategic errors in defending Plaintiff, *id.* ¶ 34.

"On August 3, 2023, sixty-nine . . . days after Plaintiff's trial," Mr. Goltzer and Ms. Stafford moved to withdraw as counsel for Plaintiff because of Mr. Goltzer's rapidly deteriorating health. *Id.*

---

[2] The Complaint does not allege the length of the sentence. The Court judicially notices that Plaintiff was sentenced to 40 months imprisonment on January 19, 2024. *USA v. Wynder, Jr. et al.*, Case No. 1:20-cr-470 (PKC), Dkt. No. 255 at 3.

¶ 53. Mr. Goltzer allegedly stated that he had been diagnosed with a brain condition that "render[ed] it impossible to competently represent [Plaintiff]" because it slurred Mr. Goltzer's speech and impeded his ability to focus, research, and write. *Id.* The motion to withdraw was granted on August 3, 2023. *Id.* ¶ 54. Mr. Goltzer passed away on December 21, 2023. *Id.* ¶ 55.

Following Mr. Goltzer's and Ms. Stafford's withdrawal, Defendant Jeremy Schneider was appointed as Plaintiff's new CJA counsel. *Id.* ¶ 54. Plaintiff alleges that Mr. Schneider "chose not to file" a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 despite acknowledging Mr. Goltzer's ineffective representation of Plaintiff. *Id.* ¶¶ 60, 63. Mr. Schneider also allegedly "failed to advise either . . . Plaintiff or the [c]ourt that he had a conflict of interest in representing Plaintiff at sentencing because of his 40-year personal and professional relationship with [Mr.] Goltzer." *Id.* ¶ 68.

## II.   CAUSES OF ACTION

Plaintiff brings claims against the Estate of Mr. Goltzer,[3] Ms. Stafford, and Mr. Schneider[4] for violations of his Sixth Amendment right to effective assistance of counsel and his Fifth and Fourteenth Amendment rights to due process. *Id.* ¶¶ 3–7, 64–70. Because these claims seek redress for violations of rights under the United States Constitution, the Court construes these claims as asserted under 42 U.S.C. § 1983 ("Section 1983"). *See, e.g.*, *Connecticut Citizens Def. League, Inc. v. Thody*, 664 F. Supp. 3d 235, 246 (D. Conn. 2023), *aff'd*, No. 23-724-cv, 2024 WL 177707 (2d Cir. Jan. 17, 2024) ("An action taken directly from the Constitution . . . is impermissible. Section 1983 is the exclusive federal remedy for violations of constitutional rights.").

Construed liberally, Plaintiff's Complaint also brings claims under state law for legal

---

[3] The Complaint brought a claim against Mr. Goltzer himself. Complaint ¶ 1. On December 2, 2024, the Court ordered that the Estate of Mr. Goltzer be substituted for Mr. Goltzer as a defendant, given the Complaint's allegation that Mr. Goltzer has passed away. Dkt. No. 7.
[4] The Complaint also brought a claim against "Criminal Justice Act, Inc." Complaint ¶ 1. On December 2, 2024, the Court dismissed Plaintiff's claims against that defendant because that organization does not exist. Dkt. No. 7.

malpractice. *See* Complaint ¶ 1 (alleging that "[t]his action places before the Court a malpractice civil lawsuit"); *see also, e.g., id.* ¶¶ 65, 70 (alleging that ineffective representation "caus[ed] Plaintiff a guilty verdict, incarceration, pain and suffering"). Those implied claims are governed by New York law. Because the basis for the Court's jurisdiction over Plaintiff's state-law claims is diversity of citizenship, the Court applies "the choice of law analysis of the forum state." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 582 (2d Cir. 2006). "In New York, the forum state in this case, the first question to resolve in determining whether to undertake a choice of law analysis is whether there is an actual conflict of laws." *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir. 1998). The potentially conflicting bodies of law in this case are those of New York, where the events giving rise to this action occurred, *see, e.g.*, Complaint ¶¶ 29–63 (alleging trial and sentencing proceedings in the Southern District of New York), Texas, where Plaintiff is incarcerated, *id.* ¶ 3, and Pennsylvania, where Plaintiff "was residing" "at all times relevant to this Action," *id.* "In tort actions,[5] if there is a conflict of laws, New York courts apply an 'interests analysis,' under which the law of the jurisdiction having the greatest interest in the litigation is applied." *Curley*, 153 F.3d at 12 (quoting *AroChem Int'l, Inc. v. Buirkle*, 968 F.2d 266, 279 (2d Cir. 1992)).

When conducting a conflict-of-laws analysis under New York law, courts may assume that there is an actual conflict of laws and proceed directly to the interests analysis. *See Licci ex rel. Licci v.*

---

[5] Based on the allegations in the Complaint, Plaintiff's malpractice claim is a tort claim. *See, e.g., Wolfson v. Moskowitz*, No. 08-cv-8796 (DLC), 2009 WL 1515674, at *4 (S.D.N.Y. June 1, 2009) (observing that New York choice-of-law analysis applicable to tort claims applies to "tort claim[s] such as legal malpractice"); *Ferranti v. Arshack, Hajek & Lehrman PLLC*, No. 20-cv-2476 (KPF), 2021 WL 1143290, at *3 n.4 (S.D.N.Y. Mar. 24, 2021) (similar). While it is possible to bring a breach-of-contract claim based on an attorney's failure to fulfill the terms of a contract for representation, *see Nat. Organics Inc. v. Anderson Kill & Olick, P.C.*, 67 A.D.3d 541, 542 1st Dep't (2009), no contract for representation is alleged to exist in this case. Defendants were appointed to be Plaintiff's counsel pursuant to the CJA. *See* Complaint ¶¶ 11, 54. Moreover, in any event, "a breach of contract claim premised on [an] attorney's failure to exercise due care or to abide by general professional standards" must be dismissed as "a redundant pleading of [a] malpractice claim." *Levine v. Lacher & Lovell-Taylor*, 681 N.Y.S.2d 503, 506 (1st Dep't 1998); *see also Nevelson v. Carro, Spanbock, Kaster & Cuiffo*, 736 N.Y.S.2d 668, 670 (1st Dep't 2002) (dismissing contract claim that was "predicated on the same allegations and [sought] relief identical to that sought in the malpractice cause of action").

*Lebanese Canadian Bank, SAL*, 739 F.3d 45, 47 (2d Cir. 2013) ("Assuming there is an actual conflict between New York and Israeli law, we applied New York's interest-analysis test to determine which law should apply."). "[A]ssuming without deciding that an actual conflict does exist," *In re AXA Equitable Life Ins. Co. COI Litig.*, 595 F. Supp. 3d 196, 239 (S.D.N.Y. 2022), the interests analysis in this case compels the application of New York law. "For tort claims, including legal malpractice [claims], 'the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders.'" *Ferranti*, 2021 WL 1143290, at *3 n.4 (quoting *Negri v. Friedman*, No. 14-cv-10233 (GHW), 2017 WL 2389697, at *3 (S.D.N.Y. May 31, 2017)). "New York's interest is predominant when the attorney being sued is licensed in New York and the underlying trial took place in New York." *Wolfson*, 2009 WL 1515674, at *5 (applying New York law to legal-malpractice claim). New York, accordingly, has the greatest interest in this action, as the entirety of "Defendants' representation in the underlying criminal matter occurred in New York," and Defendants are "licensed to practice as . . . attorney[s] in New York." *Ferranti*, 2021 WL 1143290, at *3 n.4; *see* Complaint ¶¶ 4–6, 29–63. Plaintiff's implied state-law claims for legal malpractice are therefore governed by New York law.

Plaintiff seeks compensatory damages of at least $5,000,000 from each Defendant. Complaint at 20. He also seeks a declaration that Defendants violated his civil rights and breached their "fiduciary duties with respect to those rights." *Id.* He does not seek injunctive relief. *See id.*

### III.   PROCEDURAL HISTORY

Plaintiff brought this action on October 4, 2024. Complaint at 21. He was granted leave to proceed *in forma pauperis* on November 25, 2024. Dkt. No. 8.

On May 6, 2025, the Court ordered Plaintiff to show cause as to why his claims should not be dismissed *sua sponte*. Dkt. No. 15. The order warned Plaintiff that his Section 1983 claims appeared to be deficient because Defendants were not alleged to have acted under color of state law.

5

*Id.* at 7 n.6. It explained that "each of the defendants in this case represented Plaintiff in their capacity as court-appointed attorneys pursuant to the CJA," *id.*, and that "it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to [a] defendant do not act 'under color of state law,'" *id.* (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)). The order also observed that Plaintiff's claims for damages and declaratory relief against his former counsel appeared barred under federal and state law because there was no indication that his conviction is not still intact. *Id.* at 6–8. It explained that Plaintiff's claims under federal law for ineffective assistance of counsel were likely barred "unless [he] can demonstrate that [his] conviction or sentence has already been invalidated," as under the rule established by the Supreme Court in *Heck v. Humphrey*, plaintiffs are barred from bringing Section 1983 claims for monetary and declaratory relief if a judgment in their favor "would necessarily imply the invalidity of [their] conviction." *Id.* at 7 (quoting 512 U.S. at 487). The order then explained that Plaintiff's implied state-law claims for legal malpractice appeared to be barred "so long as his conviction stands," as under New York law, "a colorable claim of innocence of the underlying offense" is a prerequisite for a legal-malpractice claim against criminal counsel, and a "conviction precludes . . . plaintiffs from asserting innocence in a civil suit." *Id.* at 8 (quoting *Britt v. Legal Aid Soc., Inc.*, 95 N.Y.2d 443, 446 (2000)).

The order set a response deadline of May 27, 2025. *Id.* at 9. On May 20, 2025, Plaintiff requested an additional thirty days to respond. Dkt. No. 34. On May 23, 2025, the Court granted Plaintiff's request and extended the deadline for Plaintiff to respond until June 26, 2025. Dkt. No. 35. Plaintiff responded to the Court's order to show cause on June 24, 2025, Dkt. No. 42 ("Response"). Defendants responded to Plaintiff's response in a joint letter on July 21, 2025. Dkt. No. 48 ("Opposition").

## IV.   LEGAL STANDARD

The Court must dismiss a complaint filed *in forma pauperis* that "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to "raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006) (quotation omitted).  Still, the "special solicitude" that plaintiffs are afforded in *pro se* actions, *id.* at 475 (quotation omitted), does not absolve them of the requirement under Rule 8 of the Federal Rules of Civil Procedure that their complaint provide a "short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. 8(a)(2); *e.g.*, *Salahuddin v. Cuomo*, 861 F.2d 40, 41–42 (2d Cir. 1988).

Rule 8 requires a complaint to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In reviewing whether a complaint states a claim upon which relief can be granted, the Court "accept[s] all factual allegations as true, and draw[s] all reasonable inferences in the plaintiff's favor."  *Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016).

## V.   DISCUSSION

Plaintiff's Section 1983 claims fail because he does not allege that Defendants acted "under color of state law." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 926 (1982).  Plaintiff has also provided

7

no indication in his complaint or in his response to the Court's order to show cause that his criminal conviction does not stand.[6] His intact conviction bars his claims for ineffective assistance of counsel under the rule established by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, and bars his claims for legal malpractice under New York law because legal-malpractice claims arising from a criminal proceeding "must allege [the plaintiff's] innocence or a colorable claim of innocence," and an intact conviction "precludes . . . potential plaintiffs from asserting innocence in a civil suit," *Britt*, 95 N.Y.2d at 446–47.

Because Plaintiff's complaint fails to state a claim under federal or state law, this action must be dismissed.

### A. Plaintiff's Section 1983 Claims Fail because He Does Not Allege that Defendants Acted Under Color of State Law

Plaintiff's Section 1983 claims are deficient because Defendants' actions cannot be "fairly attribut[ed] to the state." *Logan v. Bennington Coll. Corp.*, 72 F.3d 1017, 1027 (2d Cir. 1995) (quotation omitted). An essential element of a claim under Section 1983 is that the defendants acted "under color of state law." *Lugar*, 457 U.S. at 929. The defendants in this case are attorneys who, by court appointment, performed their traditional roles in litigating *against* the government. Complaint ¶¶ 4–7.[7] "[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to [a] defendant do not act 'under color of state law' and therefore are not subject to suit

---

[6] The Court also takes judicial notice that, as of the date of this opinion, Plaintiff's appeal from his conviction and sentence remains unresolved. *See United States of America v. Wynder, Jr.*, No. 24-213, Dkt. No. 104 (2d Cir. Jan 24, 2024).
[7] It is possible for a private individual to engage in conduct that is "attributable to the state" "[f]or the purposes of section 1983" if "(1) the [individual] acts pursuant to the coercive power of the state or is controlled by the state . . . ; (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies . . . ; or (3) when the entity has been delegated a public function by the state . . . ." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (quotations and alterations omitted). A Section 1983 claim may also be cognizable against a private individual who conspires with state actors. *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002). Plaintiff makes no attempt in his complaint or his response to the Court's order to show cause to allege that any of these circumstances are present here. His claims allege that Defendants did not do a good enough job in their traditional roles as defense attorneys litigating against the government. *See* Complaint ¶¶ 64–70; Response at 4–10.

under 42 U.S.C. § 1983." *Rodriguez*, 116 F.3d at 66; *accord Housand v. Heiman*, 594 F.2d 923, 924–25 (2d Cir. 1979) (explaining that it "is the law in this circuit" that "public defenders [and] court-appointed defense attorneys do not act 'under color of law'"). The Second Circuit has explained, accordingly, that "an ineffectiveness cause of action [is] inappropriate in a proceeding brought under § 1983." *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004); *accord Warren v. Fischl*, No. 15-cv-2829 (JS) (AKT), 2015 WL 6760230, at *8 (E.D.N.Y. Nov. 5, 2015), *aff'd*, 674 F. App'x 71 (2d Cir. 2017) ("[A]n ineffectiveness claim is not actionable in a proceeding brought under § 1983." (quotations and alterations omitted)). Because Plaintiff's Section 1983 claims are not based on conduct that can be fairly attributed to the state, they must be dismissed.

### B. Plaintiff's Conviction Bars His Claims for Ineffective Assistance of Counsel under *Heck v. Humphrey*

Plaintiff's Section 1983 claims for ineffective assistance of counsel, as alleged, would also fail under the rule established by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477. In *Heck*, the Supreme Court held that a plaintiff may not recover damages under Section 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. To demonstrate that his conviction or sentence has been invalidated, the plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. In *Edwards v. Balisok*, the Supreme Court held that the *Heck* rule also applies to "claim[s] for declaratory relief." 520 U.S. 641, 648 (1997).

Plaintiff's Section 1983 claims for ineffective assistance of counsel seek damages and declaratory relief and allege that his conviction and sentence would not have been imposed but for Defendants' errors in representing him. Complaint at 20; *see id.* ¶¶ 65, 68, 70 (alleging that

9

Defendants' actions "caus[ed] Plaintiff a guilty verdict" and "incarceration"). Accordingly, at least as alleged, Plaintiff's claims would fail under *Heck v. Humphrey* because they "necessarily imply the invalidity of his conviction or sentence" and Plaintiff has provided no indication that his "conviction or sentence has already been invalidated." 512 U.S. at 487; *see* Complaint ¶ 3 (alleging that Plaintiff "is presently serving a criminal sentence"); Response at 5, 11. The *Heck* rule is an independent reason to dismiss Plaintiff's claims for ineffective assistance of counsel, in addition to his failure to allege state action. *See Warren*, 2015 WL 6760230, at *1–2 & n.2, *aff'd*, 674 F. App'x 71 (dismissing claims brought under Fifth, Sixth, and Fourteenth Amendments because, among other things, they were "barred by *Heck v. Humphrey*").

Plaintiff's response to the Court's order to show cause identifies several circumstances where the *Heck* rule does not apply, *see* Response at 4–10, but provides no indication that those circumstances are present in this case. Plaintiff is correct, for example, that the Supreme Court has "stress[ed] the importance of the term 'necessarily'" in defining the reach of the *Heck* rule, Response at 7 (quoting *Nelson v. Campbell*, 541 U.S. 637, 647 (2004)), and accordingly, that *Heck* does not apply unless "a prisoner's victory in a § 1983 suit would *necessarily demonstrate* the invalidity of his conviction or sentence," *McKithen v. Brown*, 481 F.3d 89, 102 (2d Cir. 2007) (emphasis in original). "[W]hat 'necessarily demonstrates' the invalidity of a sentence or conviction is often anything but easy to decide," *Teichmann v. New York*, 769 F.3d 821, 829 (2d Cir. 2014) (Calabresi, J., concurring), and the Second Circuit has not addressed, at least in a published opinion, the general applicability of *Heck* to claims for ineffective assistance of counsel, *but see Kevilly v. New York*, 410 F. App'x 371, 375 (2d Cir. 2010) (summary order) (holding that plaintiff's claims in his proposed amended complaint for ineffective assistance of counsel would "be barred under *Heck*"). "[T]o be entitled to relief on a claim of counsel's ineffective assistance," a plaintiff must plausibly plead, among other things, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

10

would have been different." *Raysor v. United States*, 647 F.3d 491, 495 (2d Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).  Construed liberally, Plaintiff's response to the Court's order to show cause argues that a plaintiff can meet the ineffectiveness standard without "necessarily demonstrating" that his conviction is invalid.  *See* Response at 4–5.

In the Court's view, Plaintiff has reason to question whether, as a general matter, a ruling that there is a "reasonable probability" that a plaintiff would not have been convicted but for an attorney's errors would "necessarily demonstrate" that the conviction is invalid.  *See Teichmann*, 769 F.3d at 829 (Calabresi, J., concurring) (reasoning that "the mere fact that success in a § 1983 suit would make it more likely that a conviction or sentence is invalid would seem to be irrelevant to the *Heck* inquiry").  Courts in this circuit, however, have concluded that it would.  *See Warren*, 2015 WL 6760230, at *1–2 & n.2; *Evans v. Nassau Cnty.*, 184 F. Supp. 2d 238, 243 (E.D.N.Y. 2002) (dismissing ineffective-assistance claims under *Heck* because a judgment in the plaintiff's favor "would necessarily imply the invalidity of his criminal conviction and sentence"); *Fleming v. Stradford*, No. 10-cv-3345 (KPF), 2018 WL 1033234, at *18 (S.D.N.Y. Feb. 22, 2018) (finding claim for ineffective assistance of counsel deficient because, among other things, *Heck* bars "a challenge to Plaintiff's underlying convictions"); *Kevilly*, 410 F. App'x at 375 (holding that ineffective-assistance claims in proposed amended complaint would "be barred under *Heck*").  Their conclusions are not unfounded.  At a bare minimum, a ruling that there is a reasonable probability that a plaintiff's conviction was the result of his counsel's errors would raise serious questions about the validity of his conviction.  And in any event, in this particular case, Plaintiff's claim is that he is owed damages specifically because Defendants' actions caused his conviction and incarceration.  *See* Complaint ¶ 65.  Because this section of the Court's opinion is mere dicta in light of Plaintiff's failure to allege the state action required to sustain a claim under Section 1983, *see supra* Part V.A, the Court need not resolve whether *Heck* bars Plaintiff's claims for ineffective assistance of counsel.  The Court

observes, nonetheless, that the prevailing case law in this circuit is that a plaintiff's ineffective-assistance claims are barred under *Heck* because their success "would necessarily imply the invalidity of his criminal conviction and sentence." *Evans*, 184 F. Supp. 2d at 243; *see also, e.g.*, *Kevilly*, 410 F. App'x at 375.

Plaintiff is also correct that *Heck* may not bar an action under Section 1983 when Section 1983 "was a diligent plaintiff's only opportunity to challenge his conviction in a federal forum," *Artec Constr. & Dev. Corp. v. City of New York*, No. 15-cv-9494 (KPF), 2017 WL 5891817, at *5 (S.D.N.Y. Nov. 28, 2017) (quoting *Teichmann*, 769 F.3d at 828 (Livingston, J. concurring)), but that exception to *Heck* is inapplicable here since a diligent litigant in Plaintiff's position could challenge his conviction on direct appeal, as Plaintiff is currently doing, *see Wynder, Jr.*, No. 24-213, Dkt. No. 104, and if that appeal is unsuccessful, by seeking "remedy in habeas corpus," *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999). "Although § 1983 authorizes constitutional tort claims against state officials, it is not an appropriate vehicle for collaterally attacking a state conviction." *Teichmann*, 769 F.3d at 827 (Livingston, J. concurring) (citing *Heck*, 512 U.S. at 485–86). Cases "in which a prisoner challenges the fact or length of his confinement" lie "at the heart of habeas corpus," so in such cases, "habeas is the exclusive federal remedy." *Huang v. Johnson*, 251 F.3d 65, 74 (2d Cir. 2001) (quoting *Jenkins v. Haubert*, 179 F.3d 19, 24 (2d Cir. 1999)). On the other hand, where there is "no remedy in habeas corpus" available to a plaintiff—for example because the plaintiff "is not and never was in the custody of the State"—the *Heck* bar does not apply. *Leather*, 180 F.3d at 420; *accord Huang*, 251 F.3d at 75 (holding *Heck* was inapplicable where plaintiff "ha[d] no habeas remedy because he has long since been released from . . . custody"). Here, however, Plaintiff "has a habeas corpus remedy available to him" because he remains "in . . . custody" pursuant to his conviction. *Green v. Montgomery*, 219 F.3d 52, 61 n.3 (2d Cir. 2000) ("We have held . . . that *Heck* acts only to bar § 1983 suits when the plaintiff has a habeas corpus remedy available to him (i.e., when he is in state

custody)."). The exception from *Heck* for plaintiffs without recourse to habeas plainly does not apply in this case.

Because Plaintiff's ineffective-assistance claims would "necessarily imply the invalidity of his conviction or sentence," they are barred by the rule established in *Heck v. Humphrey*. 512 U.S. at 487.

### C. Plaintiff's Legal Malpractice Claims Brought Under New York State Law Are Barred Because His Conviction Remains Intact

In addition to precluding his federal claims for ineffective assistance of counsel, Plaintiff's conviction precludes his state-law claims for legal malpractice under New York law. In New York, a plaintiff seeking damages pursuant to a "legal malpractice [claim] arising out of a criminal proceeding . . . bear[s] the unique burden to plead and prove that the client's conviction was due to the attorney's actions alone and not due to some consequence of his guilt." *Britt*, 95 N.Y.2d at 446–47. A legal-malpractice claim "must allege [the plaintiff's] innocence or a colorable claim of innocence of the underlying offense," *id.* at 446 (quoting *Carmel v. Lunney*, 70 N.Y.2d 169, 173 (1987)), and "[i]n order to open the door for even a colorable claim of innocence, criminal defendants must free themselves of the conviction, for the conviction precludes those potential plaintiffs from asserting innocence in a civil suit," *id.* at 447; *accord Sash v. Schwartz*, 356 F. App'x 555, 556 (2d Cir. 2009) (same, dismissing legal malpractice claim because the plaintiff "failed to establish that his conviction following a guilty plea was overturned"). Accordingly, "a plaintiff cannot assert a cognizable malpractice claim under New York law so long as his conviction stands." *McKiver v. City of New York*, No. 17-cv-4411 (GBD) (KHP), 2018 WL 3543906, at *3 (S.D.N.Y. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 3628840 (S.D.N.Y. July 23, 2018); *accord D'Amato v. Bray*, 83 F. App'x 380, 381 (2d Cir. 2003) (same).

Plaintiff does not allege that his conviction does not stand. To the contrary, he alleges that he "is presently serving a criminal sentence," Complaint ¶ 3, and his response to the Court's order to show cause—submitted from prison—provides no indication that his sentence or conviction are not

13

intact, *see, e.g.*, Response at 11.  Because Plaintiff's "conviction[] remain[s] intact," his malpractice claims are barred under New York law.  *Hooks v. City of New York*, No. 21-cv-10771 (JGK), 2022 WL 16964010, at *9 (S.D.N.Y. Nov. 16, 2022).[8]

### IV. LEAVE TO AMEND IS DENIED

Plaintiff's claims are dismissed without leave to amend.  In this circuit, "a *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once."  *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013).  However, "it is proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile."  *Hunt v. All. N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 728 (2d Cir. 1998); *see also Burke v. Verizon Commc'ns, Inc.*, No. 18-cv-4496 (PGG) (GWG), 2020 WL 6538748, at *8 (S.D.N.Y. Nov. 6, 2020), *aff'd sub nom. Burke v. Hous. & Servs., Inc.*, No. 23-635, 2024 WL 2207054 (2d Cir. May 16, 2024) (dismissing *pro se* complaint without leave to amend because amendment would be futile).  Granting leave to amend Plaintiff's claims against his criminal defense attorneys under Section 1983 would be futile here because Plaintiff's Section 1983 claims against them fall irreparably short of alleging state action.  *See Rodriguez*, 116 F.3d at 66 ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."); *Bourdon*, 385 F.3d at 90 (explaining that "an ineffectiveness cause of action [is] inappropriate in a proceeding brought under § 1983" because court-appointed attorneys "do not act 'under color of state law' and therefore are

---

[8] Plaintiff also alleges a violation of his "rights conferred through the ABA Model Rules of Professional Conduct of the State of New York."  Complaint ¶ 2, *see also id.* ¶¶ 17, 66.  Plaintiff appears to be referring to the New York Rules of Professional Conduct (the "NYRPC").  While a "[v]iolation of a Rule [in the NYRPC] should not itself give rise to a cause of action against a lawyer," NYRPC Preamble, a violation of a Rule "may support a legal malpractice claim" "where proximate cause and actual damages can be shown to have [resulted]," *Applied Energetics, Inc. v. Gusrae Kaplan Nusbaum PLLC*, No. 21-cv-382 (DF), 2022 WL 956119, at *11 (S.D.N.Y. Mar. 30, 2022) (collecting cases).  Still, even if Plaintiff adequately alleges that a violation of a Rule proximately caused him damages, his "conviction precludes [him] from asserting innocence in a civil suit," and thus precludes him from stating a claim for legal malpractice under New York law.  *Britt*, 95 N.Y.2d at 447.

not subject to suit under 42 U.S.C. § 1983 (citing *Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981))). Granting Plaintiff leave to amend his state-law malpractice claims against his former counsel at this time would be futile because his conviction remains intact. As long as his conviction remains intact, Plaintiff's malpractice claims are categorically barred under New York law. *See Britt*, 95 N.Y.2d at 446–48; *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend on futility grounds because "[t]he problem with [the plaintiff's] causes of action" was "substantive; better pleading [would] not cure it").

Courts have the authority to dismiss a *pro se* complaint "so long as the plaintiff is given notice and 'an opportunity to be heard.'" *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (quoting *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam)). "The issuance . . . of an order to show cause why a complaint should not be dismissed *sua sponte* for a stated reason[] will typically suffice to provide notice and an opportunity to be heard." *Nwoye v. Obama*, No. 22-1253, 2023 WL 382950, at *1 (2d Cir. Jan. 25, 2023) (collecting cases); *Kanyan v. U.S. Citizenship & Immigr. Servs.*, No. 24-cv-8564 (RPK), 2025 WL 1489807, at *4 (E.D.N.Y. May 22, 2025) (same); *see also Andrews v. Hall*, No. 22-1298, 2023 WL 309609, at *1 (2d Cir. Jan. 19, 2023) (holding that district court provided adequate notice to *pro se* plaintiff before dismissing his claims without leave to amend because it "warn[ed] [the plaintiff] that his claims were vulnerable to dismissal . . . and invit[ed] his response"). The Court issued an order to show cause nearly three months ago explaining each of the deficiencies in Plaintiff's claims that now form the basis for the Court's dismissal. Dkt. No. 15 at 7 n.6 (explaining apparent failure to allege state action on part of Defendants); *id.* at 6–7 (explaining that Plaintiff's ineffective-assistance claims appeared to be barred under *Heck v. Humphrey*); *id.* at 8 (explaining that Plaintiff's state-law claims appeared to be barred by his conviction). Plaintiff submitted, and the Court considered, an eleven-page memorandum in response to the Court's order. Dkt. No. 42. Dismissal without leave to amend is appropriate given

15

that Plaintiff has been afforded notice and the opportunity to be heard. *See, e.g.*, *Nwoye*, 2023 WL 382950, at *1; *Kanyan*, 2025 WL 1489807, at *4.

Plaintiff's Section 1983 claims are dismissed with prejudice. Plaintiff's state-law malpractice claims are dismissed without prejudice. Because Plaintiff's state-law claims are dismissed without prejudice, he is not barred from filing a separate action to pursue them if his conviction is ultimately overturned, whether on direct appeal or otherwise. *See Wynder, Jr.*, No. 24-213, Dkt. No. 104 (noticing oral argument regarding direct appeal from Plaintiff's conviction). The Court's determination that Plaintiff's malpractice claims are futile rests solely on Plaintiff's intact conviction. *See* Part III.C. The Court has not determined that Plaintiff's malpractice claims would be futile if he later "free[s] [himself] of the conviction." *Britt*, 95 N.Y.2d at 447. Accordingly, while Plaintiff is denied leave to amend his state-law malpractice claims at this time because the ultimate resolution of Plaintiff's appeal of, and potential collateral attack on, his conviction may take a substantial amount of time, Plaintiff may, to the extent permitted by law, pursue his state-law malpractice claims in a separate action if his conviction is ultimately overturned.[9]

### V. CONCLUSION

For the foregoing reasons, this action is DISMISSED without leave to amend. Plaintiff's Section 1983 claims are dismissed with prejudice. Plaintiff's state-law malpractice claims are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[9] Any claim Plaintiff might have for malpractice arising from his conviction would not accrue for statute-of-limitations purposes until "the date when the indictment against [him] is dismissed." *Britt*, 95 N.Y.2d at 448.

The Clerk of Court is directed to enter judgment for Defendants, to terminate all pending motions, and to close this case.

SO ORDERED.

Dated: August 3, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge